UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERI G. GASIOROWSKI and
THOMAS S. GASIOROWSKI,

           Plaintiffs,

v

TAYLOR BEAN & WHITAKER
MORTGAGE CORP., a Florida corporation
and FIFTH THIRD MORTGAGE COMPANY,
an Ohio corporation, Jointly and Severally,

           Defendants.

_____/

USDC Case No._____
Circuit Court Case No. 09-001390-CH
Hon. _____

| | |
|---|---|
| LANDIS & DAY, PLC<br>Kassem M. Dakhlallah (P70842)<br>Attorneys for Plaintiffs<br>6200 Schaefer Road, Suite 301<br>Dearborn, MI  48126<br>(313) 582-1212<br>kassemd@landisday.com | PLUNKETT COONEY<br>Charity A. Olson (P68295)<br>David A. Lerner (P44829)<br>Attorneys for Taylor Bean & Whitaker<br>Mortgage Corp.<br>38505 Woodward Avenue, Suite 2000<br>Bloomfield Hills, MI  48304<br>(248) 901-4018<br>colson@plunkettcooney.com<br>dlerner@plunkettcooney.com |

**NOTICE OF REMOVAL OF CAUSE TO THE
UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION**

      Taylor Bean & Whitaker Mortgage Corp., ("Defendant"), through their counsel, Plunkett

Cooney, hereby removes this action from the Macomb County Circuit Court to the United States

District Court for the Eastern District of Michigan, Southern Division.  In support of this Notice

of Removal, Defendant states as follows:

      1.      On March 24, 2009, Plaintiff commenced this action in the Macomb County

Circuit Court for the State of Michigan.  Copies of the Summons, Complaint, Jury Demand, Ex

Parte Emergency Motion for a Temporary Restraining Order and Preliminary Injunction and Brief in Support are attached as Exhibit "A".

2.     The Macomb County Circuit Court docket for this case reveals that: (i) no returns of service have been filed for any defendant, and (ii) the Macomb County Circuit Court has issued an Order to Show Cause Regarding Plaintiffs' Motion For Preliminary Injunction on March 31, 2009.  A copy of the Macomb County Circuit Court docket is attached as Exhibit "B".

3.     The documents attached as Exhibits "A" and "B" constitute all process and pleadings received by Defendant and/or otherwise of record in this action.

4.     This case is a civil action of which this Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Plaintiffs' Complaint purports to assert a federal cause of action against Defendant, and the remaining defendant, arising out of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq*.  This Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.  The case is, therefore, removable pursuant to 28 U.S.C. § 1441.

5.     As for the remaining defendant – Fifth Third Mortgage Company -- the Macomb County Circuit Court e-docket does not contain a return of service for this defendant or, for that matter, any other record entry that would reflect that service has been properly effected.  As such, Defendant has not been able to confirm whether the remaining defendant has been served with process for purposes of procuring their consent to removal.

6.     A Notice of Filing Notice of Removal to Federal Court and a copy of this Notice of Removal of Civil Action will be filed promptly with the Macomb County Circuit Court as required by 28 U.S.C. § 1446(d) and copies of same have been served upon Plaintiffs' counsel as verified by the attached proof of service.

2

7.    Based upon the foregoing, Defendant is entitled to remove this action to this

Court under 28 U.S.C. § 1441, *et seq*.

**WHEREFORE**, Defendant respectfully requests that this Court take jurisdiction over

this action and grant such other relief as the Court deems proper.

Respectfully submitted,


 s/Charity A. Olson
PLUNKETT COONEY
Charity A. Olson (P68295)
David A. Lerner (P44829)
Attorneys for Taylor Bean & Whitaker Mortgage Corp.
38505 Woodward Avenue, Suite 2000
Bloomfield Hills, MI  48304
(248) 901-4018
colson@plunkettcooney.com
dlerner@plunkettcooney.com

Dated:  March 30, 2009

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERI G. GASIOROWSKI and
THOMAS S. GASIOROWSKI,

          Plaintiffs,

v

TAYLOR BEAN & WHITAKER
MORTGAGE CORP., a Florida corporation
and FIFTH THIRD MORTGAGE COMPANY,
an Ohio corporation, Jointly and Severally,

          Defendants.

_____/

USDC Case No._____
Circuit Court Case No. 09-001390-CH
Hon. _____

LANDIS & DAY, PLC
Kassem M. Dakhlallah (P70842)
Attorneys for Plaintiffs
6200 Schaefer Road, Suite 301
Dearborn, MI 48126
(313) 582-1212
kassemd@landisday.com

PLUNKETT COONEY
Charity A. Olson (P68295)
David A. Lerner (P44829)
Attorneys for Taylor Bean & Whitaker
Mortgage Corp.
38505 Woodward Avenue, Suite 2000
Bloomfield Hills, MI 48304
(248) 901-4018
colson@plunkettcooney.com
dlerner@plunkettcooney.com

## NOTICE OF REMOVAL

TO    CLERK OF THE COURT
       Macomb Circuit Court, State of Michigan

       LANDIS & DAY, PLC
       Kassem M. Dakhlallah (P70842)
       Attorneys for Plaintiffs
       6200 Schaefer Road, Suite 301
       Dearborn, MI 48126
       (313) 582-1212
       kassemd@landisday.com

4

PLEASE TAKE NOTICE that Defendant, Taylor Bean & Whitaker Mortgage Corp., has

on this day filed a Petition for Removal in the above-entitled matter in the United States District

Court for the Eastern District of Michigan (a copy of which is attached hereto as **Exhibit A**).

Pursuant to 28 U.S.C. § 1446 (b), all future proceedings in the Macomb County Circuit

Court for the State of Michigan are hereby stayed.

Respectfully submitted,


s/Charity A. Olson
PLUNKETT COONEY
Charity A. Olson (P68295)
David A. Lerner (P44829)
Attorneys for Taylor Bean & Whitaker Mortgage
Corp.
38505 Woodward Avenue, Suite 2000
Bloomfield Hills, MI  48304
(248) 901-4018
colson@plunkettcooney.com
dlerner@plunkettcooney.com

Dated:  March 30, 2009

PROOF OF SERVICE

I, Charity A. Olson, hereby certify that on March 30, 2009, a copy of the Notice of Removal of Cause to the United States District Court for the Eastern District of Michigan, Southern Division, for Charity A. Olson, as counsel in this case for Defendants, Taylor Bean & Whitaker Mortgage Corp., was filed electronically.  Notice of this filing will be sent to the following parties by enclosing a copy of same in a pre-addressed, pre-stamped envelope and depositing same in the United States Mail with postage fully paid thereon.

LANDIS & DAY, PLC
Kassem M. Dakhlallah (P70842)
Attorneys for Plaintiffs
6200 Schaefer Road, Suite 301
Dearborn, MI  48126
(313) 582-1212
kassemd@landisday.com

 s/Charity A. Olson
PLUNKETT COONEY
Charity A. Olson (P68295)
David A. Lerner (P44829)
Attorneys for Taylor Bean & Whitaker Mortgage Corp.
38505 Woodward Avenue, Suite 2000

Bloomfield Hills, MI  48304
(248) 901-4018
colson@plunkettcooney.com
dlerner@plunkettcooney.com

# EXHIBIT A

**STATE OF MICHIGAN**
**IN THE MACOMB COUNTY CIRCUIT COURT**

GERI G. GASIOROWSKI and
THOMAS S. GASIOROWSKI,

      Plaintiffs,

                                                   Case No. 09-      -CH
v.                                                    Hon.

TAYLOR, BEAN & WHITAKER
MORTGAGE CORP., a Florida corporation
and FIFTH THIRD MORTGAGE COMPANY,
an Ohio corporation, Jointly and Severally,

      Defendants.

_____/

LANDIS & DAY, PLC
Kassem M. Dakhlallah (P70842)
Attorneys for Plaintiffs
6200 Schaefer Rd., Ste 301
Dearborn, MI 48126
(313) 582-1212
_____/

                      There is no other pending or resolved civil action
                      arising out of the same transaction or occurrence
                      alleged in this Complaint.

_____
                Kassem M. Dakhlallah (P70842)

**COMPLAINT AND JURY DEMAND**

      NOW COME the Plaintiffs, GERI G. GASIOROWSKI and THOMAS S.

GASIOROWSKI (hereinafter referred to as "Plaintiffs"), by and through their attorneys,

LANDIS & DAY, PLC, and for their Complaint against the Defendants, TAYLOR,

BEAN & WHITAKER MORTGAGE CORP. and FIFTH THIRD MORTGAGE

COMPANY (hereinafter collectively referred to as "Defendants"), state as follows:

## PARTIES, JURISDICTION AND VENUE

1.   Plaintiffs are husband and wife who reside in the Township of Harrison,
     Macomb County, Michigan.

2.   Defendant TAYLOR, BEAN & WHITAKER MORTGAGE CORP. is a State of
     Florida corporation that does business throughout metropolitan Detroit,
     including, but not limited to, the Township of Harrison, Macomb County,
     Michigan and that operates as a "mortgage servicer," "mortgage broker" and/or
     "mortgage lender" in Michigan as these terms are defined in MCL §§
     445.1651a(o), 445.1651a(l) and 445.1651a(m), respectively.

3.   Defendant FIFTH THIRD MORTGAGE COMPANY is a State of Ohio
     corporation that does business throughout metropolitan Detroit, including, but
     not limited to, the Township of Harrison, Macomb County, Michigan and that
     operates as a "mortgage servicer," "mortgage broker" and/or "mortgage lender"
     in Michigan as these terms are defined in MCL §§ 445.1651a(o), 445.1651a(l)
     and 445.1651a(m), respectively.

4.   This lawsuit arises out of a business relationship involving Plaintiffs and the
     Defendant, entered into and transacted within the State of Michigan, County of
     Macomb.

5.   This lawsuit also arises out of interests in a parcel of real property located within
     the State of Michigan, County of Macomb, commonly known as 39046
     Lakeshore Drive, Harrison Township, Michigan 48045 (the "Property").

6.   The amount in controversy exceeds the amount of twenty five thousand
     ($25,000.00) dollars exclusive of costs and fees, and so jurisdiction and venue
     are properly in this Honorable Court.

2

## FACTUAL ALLEGATIONS

7.  Plaintiffs incorporate all previous allegations by reference as if fully restated herein.

8.  Plaintiffs acquired the Property in 1987.

9.  Plaintiffs refinanced their loan on the Property with Defendant in about March 2007.

10. Defendant overzealously and aggressively pushed the loan application through.

11. In conjunction with the loan refinance on the Property, the Property was appraised at a value of four hundred and five thousand ($405,000.00) dollars.

12. Plaintiffs were not properly informed of all of the material provisions of their mortgage loan prior to closing the loan and before having to make monthly payments thereon.

13. Plaintiffs were promised that the financing scheme utilized was meant to be temporary and that Plaintiffs would be able to sell their Property or refinance the loans if paying the monthly loan payments became problematic.

14. Plaintiffs did not have the ability to make the mortgage loan payments at all relevant times without incurring substantial financial hardship. Plaintiffs struggled to make the payments and remained current as long as they possibly could.

15. At all relevant times, Defendant, along with other mortgage lenders, brokers and servicers, systematically inflated the supposed market values of properties throughout the mortgage market in order to lend more money and sell the ill-begotten mortgage loans on the mortgage-backed securities ("MBS") market.

3

16. As part of their scheme, Defendant made a large but presently-unknown number of loans to borrowers who were absolutely unable to repay the amounts borrowed. This led to artificially high mortgage loan amounts that were disconnected from the true market values of properties being bought and sold.

17. Eventually, when these doomed loans were placed into default in large numbers, the inflated property values throughout Michigan and the United States plummeted to coincide with true property values.

18. The Property owned by the Plaintiffs in this matter suffered from this precipitous decline in statewide and national property values.

19. As a result, Plaintiffs owed significantly more on their mortgage loan than the Property could have been sold for on the open market. In fact, the Property was never actually worth the amount of the loan that Plaintiffs obtained thereon.

20. Plaintiffs tried unsuccessfully to resolve the matter with Defendants, offering to modify the loan terms, but Defendants ignored all such attempts at compromise.

21. Defendants were active participants in the systematic inflation of property values and fraud in the MBS market that ultimately led to Plaintiffs paying a much higher price for the Property than the Property was ever worth.

22. Nonetheless, Plaintiffs paid each of the mortgage loan payments on time and in full in order to keep their credit ratings in tact.

23. However, the mortgage loan that Plaintiffs have diligently paid each month was procured by fraud, misrepresentation and violations of state and federal mortgage consumer protection laws.

24. Eventually, because property values in the market had depreciated back to realistic levels, Plaintiffs could not refinance their loan.

4

25.   For all of these reasons, it is clear that the only way for Plaintiffs to begin to
      vindicate their rights is to file this lawsuit and have the Court enter an Order
      preventing a foreclosure sale and preventing Defendants from evicting Plaintiffs
      and ruining Plaintiffs' credit report.

**COUNT I**
**ACCOUNTING**

26.   Plaintiffs incorporate all previous allegations by reference as if fully restated
      herein.

27.   The amount of money due from Plaintiffs to Defendant or vice versa is unknown
      to Plaintiffs and cannot be ascertained without an accounting of the receipts and
      disbursements of the financial transactions between Plaintiffs and Defendant.

28.   Plaintiffs are informed and reasonably believe and thereon allege that they do
      not owe Defendant any money.

29.   Plaintiffs have demanded an accounting of the aforementioned financial
      transactions from Defendant and payment of the amount found due but
      Defendant has failed and refused, and continue to fail and refuse, to render such
      an accounting and to pay such sum.

      **WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter a
judgment against the above-named Defendant in the amount over twenty five thousand
($25,000.00) dollars plus interest, costs and attorney fees so wrongfully sustained.
Plaintiffs further respectfully request that this Honorable Court issue an injunction,
pursuant to MCR 3.310 preventing Defendant from evicting Plaintiffs from the Property
and making any negative remarks on Plaintiffs' credit reports until a resolution of this
matter on the merits.  Plaintiffs further respectfully request that this Honorable Court

5

grant them rescission of the Notes and Mortgages and order Defendant to disgorge all interest payments so wrongfully obtained from Plaintiffs in connection with their improper Notes and Mortgages. Plaintiffs further request that this Honorable Court reform the Notes and Mortgages between the parties to reflect a fair and equitable bargain without the effect of Defendant's fraud and misrepresentation. Plaintiffs further request that this Honorable Court order Defendant to pay all costs and attorney fees so wrongfully incurred in having to bring this lawsuit.

**COUNT II**
**WRONGFUL FORECLOSURE**

30. Plaintiffs incorporate all previous allegations by reference as if fully restated herein.

31. MCL § 600.3204(1)(a) provides, in relevant part, that a "party may foreclose a mortgage by advertisement if... [a] default in a condition of the mortgage has occurred, by which the power to sell became operative... (3) the mortgage containing the power of sale has been properly recorded and, if the party foreclosing is not the original mortgagee, a record chain of title exists evidencing the assignment of the mortgage to the party foreclosing the mortgage."

32. No such default in a condition of the mortgage has occurred.

33. Further, because of the nature of the MBS market, it is highly unlikely that Defendant has the present ability to provide a record chain of title evidencing ownership of the mortgage.

34. Thus, the Defendant's power to sell the property has not become operative.

35.   Although Plaintiffs have repeatedly requested them to do so, Defendant has not

agreed to abandon its efforts to conduct a foreclosure sale.

**WHEREFORE,** Plaintiffs respectfully request that this Honorable Court enter a

judgment against the above-named Defendant in the amount over twenty five thousand

($25,000.00) dollars plus interest, costs and attorney fees so wrongfully sustained.

Plaintiffs further respectfully request that this Honorable Court issue an injunction,

pursuant to MCR 3.310 preventing Defendant from evicting Plaintiffs from the Property

and making any negative remarks on Plaintiffs' credit reports until a resolution of this

matter on the merits.  Plaintiffs further respectfully request that this Honorable Court

grant them rescission of the Notes and Mortgages and order Defendant to disgorge all

interest payments so wrongfully obtained from Plaintiffs in connection with their

improper Notes and Mortgages.  Plaintiffs further request that this Honorable Court

reform the Notes and Mortgages between the parties to reflect a fair and equitable bargain

without the effect of Defendant's fraud and misrepresentation.  Plaintiffs further request

that this Honorable Court order Defendant to pay all costs and attorney fees so

wrongfully incurred in having to bring this lawsuit.

### COUNT III
### VIOLATION OF 15 USC § 1639

36.   Plaintiffs incorporate all previous allegations by reference as if fully restated

herein.

37.   Defendants are in violation of 15 USC § 1639(b)(3), which requires Defendants

to modify the terms of Plaintiffs' loans as Plaintiffs are experiencing a bona fide

financial emergency.

38.   Defendants have failed or refused to modify the terms of the loan.

39. As a result, Plaintiffs have suffered damages.

40. In addition, Defendants have violated 15 USC § 1639(h) which provides that:

> A creditor shall not engage in a pattern or practice of extending credit to consumers under mortgages referred to in section 1602 (aa) of this title based on the consumers' collateral without regard to the consumers' repayment ability, including the consumers' current and expected income, current obligations, and employment.

41. By extending credit to Plaintiffs without regard to their ability to repay the debt, Defendants have violated 15 USC § 1639(h).

42. As a result, Plaintiffs have suffered damages.

43. Plaintiffs hereby invoke their right to rescind the transactions at issue in this litigation.

**WHEREFORE,** Plaintiffs respectfully request that this Honorable Court enter a judgment against the above-named Defendant in the amount over twenty five thousand ($25,000.00) dollars plus interest, costs and attorney fees so wrongfully sustained. Plaintiffs further respectfully request that this Honorable Court issue an injunction, pursuant to MCR 3.310 preventing Defendant from evicting Plaintiffs from the Property and making any negative remarks on Plaintiffs' credit reports until a resolution of this matter on the merits. Plaintiffs further respectfully request that this Honorable Court grant them rescission of the Notes and Mortgages and order Defendant to disgorge all interest payments so wrongfully obtained from Plaintiffs in connection with their improper Notes and Mortgages. Plaintiffs further request that this Honorable Court reform the Notes and Mortgages between the parties to reflect a fair and equitable bargain without the effect of Defendant's fraud and misrepresentation. Plaintiffs further request that this Honorable Court order Defendant to pay all costs and attorney fees so wrongfully incurred in having to bring this lawsuit.

8

## COUNT IV
## PREDATORY LENDING

44. Plaintiffs incorporate all previous allegations by reference as if fully restated herein.

45. Defendants took advantage of Plaintiffs' inferior bargaining power in order to lock Plaintiffs into severely unfavorable Notes and Mortgages.

46. Defendants did not reveal all material terms of the Notes and Mortgages as they understood them.

47. Specifically, Defendant believed, or was reckless to the truth without knowledge thereof, that the payment amounts were greater than disclosed.

48. In addition, Defendants knew or were reckless to the truth without knowledge thereof, that Plaintiffs could not, under any circumstances, afford to pay the monthly mortgage loan payments on the Property.

49. Defendant induced Plaintiffs into obtaining the loan on the Property and granting it a security interests therein, by promising that Plaintiffs' payments would be lower than they turned out to be and that Plaintiff would be able to sell the Property for at least the amount borrowed, or otherwise refinance the loans, but these statements proved patently untrue.

50. Defendants further induced Plaintiffs into purchasing the Property by creating a mortgage market environment with high and constantly-increasing false property values.

51. As a result of these predatory lending practices, Plaintiffs are suffering and will suffer damages including the loss of the equity he had in the Property, the value of all payments made upon the ill-begotten mortgage loan, all of their liquid

9

assets, damage to their credit rating and enduring the time and expense of an improper foreclosure sale.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter a judgment against the above-named Defendant in the amount over twenty five thousand ($25,000.00) dollars plus interest, costs and attorney fees so wrongfully sustained. Plaintiffs further respectfully request that this Honorable Court issue an injunction, pursuant to MCR 3.310 preventing Defendant from evicting Plaintiffs from the Property and making any negative remarks on Plaintiffs' credit reports until a resolution of this matter on the merits. Plaintiffs further respectfully request that this Honorable Court grant them rescission of the Notes and Mortgages and order Defendant to disgorge all interest payments so wrongfully obtained from Plaintiffs in connection with their improper Notes and Mortgages. Plaintiffs further request that this Honorable Court reform the Notes and Mortgages between the parties to reflect a fair and equitable bargain without the effect of Defendant's fraud and misrepresentation. Plaintiffs further request that this Honorable Court order Defendant to pay all costs and attorney fees so wrongfully incurred in having to bring this lawsuit.

**COUNT V**
**VIOLATION OF TRUTH IN LENDING ACT, 15 U.S.C § 1601 ET SEQ.**

52. Plaintiffs incorporate all previous allegations by reference as if fully restated herein.

53. Defendants provided false interest rate, fee and monthly payment disclosures in connection with the closing of the mortgage loan transaction on the Property, in violation of the Truth in Lending Act.

54.  Plaintiff did not discover, and could not discover, Defendant's violations of the Truth in Lending Act because the documents provided to Plaintiff were withheld from Plaintiffs and if they existed at all, were seriously misleading.

55.  Thus, Plaintiffs' claims under the Truth in Lending Act are subject to tolling.

56.  In addition, Defendant did not provide Plaintiffs with a Notice of Right to Cancel, contrary to the mandates of the Truth in Lending Act.

57.  As a result of Defendant's violations of the Truth in Lending Act, Plaintiffs have been damaged.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter a judgment against the above-named Defendant in the amount over twenty five thousand ($25,000.00) dollars plus interest, costs and attorney fees so wrongfully sustained. Plaintiffs further respectfully request that this Honorable Court issue an injunction, pursuant to MCR 3.310 preventing Defendant from evicting Plaintiffs from the Property and making any negative remarks on Plaintiffs' credit reports until a resolution of this matter on the merits.  Plaintiffs further respectfully request that this Honorable Court grant them rescission of the Notes and Mortgages and order Defendant to disgorge all interest payments so wrongfully obtained from Plaintiffs in connection with their improper Notes and Mortgages.  Plaintiffs further request that this Honorable Court reform the Notes and Mortgages between the parties to reflect a fair and equitable bargain without the effect of Defendant's fraud and misrepresentation.  Plaintiffs further request that this Honorable Court order Defendant to pay all costs and attorney fees so wrongfully incurred in having to bring this lawsuit.

## COUNT VI
## FRAUDULENT MISREPRESENTATION

11

58.  Plaintiffs incorporate all previous allegations by reference as if fully restated herein.

59.  By providing materially false property value and payment disclosures to Plaintiffs, Defendant made material representations to Plaintiffs.

60.  Defendant further made false material misrepresentations by representing that property values on the mortgage market were much greater than they actually were.

61.  These material representations were false at the time that Defendant made them.

62.  Defendant knew, or was reckless to the truth without knowledge, that these statements were false.

63.  Defendants further knew, or were reckless to the truth without knowledge that true property values were not reflective of the values of the loans being made by Defendants, and that Plaintiffs could not sell the Property or refinance the loans.

64.  Defendant made its material and false representations with the intention that Plaintiffs would thereby borrow money from it, grant it a mortgage on the Property, pay associated closing costs and timely make monthly payments.

65.  Because of the representations of Defendant, Plaintiffs did borrow money from it, granted it mortgages on the Property, paid associated closing costs and timely made monthly payments.

66.  Plaintiffs have suffered damages equal to or greater than the value of mortgage loan, closing costs and payments.

67.  Plaintiffs have also suffered damages from the resulting damage to their credit.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter a judgment against the above-named Defendant in the amount over twenty five thousand

($25,000.00) dollars plus interest, costs and attorney fees so wrongfully sustained. Plaintiffs further respectfully request that this Honorable Court issue an injunction, pursuant to MCR 3.310 preventing Defendant from evicting Plaintiffs from the Property and making any negative remarks on Plaintiffs' credit reports until a resolution of this matter on the merits. Plaintiffs further respectfully request that this Honorable Court grant them rescission of the Notes and Mortgages and order Defendant to disgorge all interest payments so wrongfully obtained from Plaintiffs in connection with their improper Notes and Mortgages. Plaintiffs further request that this Honorable Court reform the Notes and Mortgages between the parties to reflect a fair and equitable bargain without the effect of Defendant's fraud and misrepresentation. Plaintiffs further request that this Honorable Court order Defendant to pay all costs and attorney fees so wrongfully incurred in having to bring this lawsuit.

**COUNT VII**
**NEGLIGENT MISREPRESENTATION**

68. Plaintiffs incorporate all previous allegations by reference as if fully restated herein.

69. Defendant as the mortgagee, stood to benefit from the Plaintiffs entering into the Note and Mortgage on the Property.

70. The resulting business relationship between the parties gave rise to a duty of care on the part of Defendant to Plaintiffs.

71. Defendant prepared the information relating to the values of the Property, payment amounts on the Notes and Mortgages, whether Plaintiffs could refinance or sell the Property and closing costs without reasonable care as to their truth or falsehood.

13

72. Plaintiffs justifiably relied on said information to their detriment, suffering damages.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter a judgment against the above-named Defendant in the amount over twenty five thousand ($25,000.00) dollars plus interest, costs and attorney fees so wrongfully sustained. Plaintiffs further respectfully request that this Honorable Court issue an injunction, pursuant to MCR 3.310 preventing Defendant from evicting Plaintiffs from the Property and making any negative remarks on Plaintiffs' credit reports until a resolution of this matter on the merits. Plaintiffs further respectfully request that this Honorable Court grant them rescission of the Notes and Mortgages and order Defendant to disgorge all interest payments so wrongfully obtained from Plaintiffs in connection with their improper Notes and Mortgages. Plaintiffs further request that this Honorable Court reform the Notes and Mortgages between the parties to reflect a fair and equitable bargain without the effect of Defendant's fraud and misrepresentation. Plaintiffs further request that this Honorable Court order Defendant to pay all costs and attorney fees so wrongfully incurred in having to bring this lawsuit.

**COUNT VIII**
**DEFAMATION OF CREDIT/VIOLATION OF FAIR CREDIT REPORTING ACT**

73. Plaintiffs incorporate all previous allegations by reference as if fully restated herein.

74. Defendants committed fraud against Plaintiffs in order to induce them into entering into the above-described transactions.

75. Defendants' fraud has ruined Plaintiffs financially.

14

76. It is because of Defendants' fraud that Plaintiffs cannot make their monthly mortgage loan payments.

77. As a result, it is patently untrue that Plaintiffs defaulted on bona fide financial obligation to Defendants.

78. Upon information and belief, Defendants have made or will make derogatory reports on Plaintiffs' credit reports that are patently untrue.

79. As a result, Plaintiffs have suffered or will suffer damage to their good name, fame and reputation in the community.

80. Plaintiffs also suffered or will suffer damage to their credit rating.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter a judgment against the above-named Defendant in the amount over twenty five thousand ($25,000.00) dollars plus interest, costs and attorney fees so wrongfully sustained. Plaintiffs further respectfully request that this Honorable Court issue an injunction, pursuant to MCR 3.310 preventing Defendant from evicting Plaintiffs from the Property and making any negative remarks on Plaintiffs' credit reports until a resolution of this matter on the merits. Plaintiffs further respectfully request that this Honorable Court grant them rescission of the Notes and Mortgages and order Defendant to disgorge all interest payments so wrongfully obtained from Plaintiffs in connection with their improper Notes and Mortgages. Plaintiffs further request that this Honorable Court reform the Notes and Mortgages between the parties to reflect a fair and equitable bargain without the effect of Defendant's fraud and misrepresentation. Plaintiffs further request that this Honorable Court order Defendant to pay all costs and attorney fees so wrongfully incurred in having to bring this lawsuit.

15

## COUNT IX
## RESCISSION OF NOTES AND MORTGAGES

81. Plaintiffs incorporate all previous allegations by reference as if fully restated herein.

82. The actions of Defendant, as more fully discussed above, are unconscionable.

83. In the alternative, the agreements between these parties were entered into by Plaintiffs because of fraud by Defendant.

84. In addition, there was no mutuality of assent to the terms and conditions of the Notes and Mortgages.

85. As such, the agreements between these parties are subject to judicial rescission.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter a judgment against the above-named Defendant in the amount over twenty five thousand ($25,000.00) dollars plus interest, costs and attorney fees so wrongfully sustained. Plaintiffs further respectfully request that this Honorable Court issue an injunction, pursuant to MCR 3.310 preventing Defendant from evicting Plaintiffs from the Property and making any negative remarks on Plaintiffs' credit reports until a resolution of this matter on the merits. Plaintiffs further respectfully request that this Honorable Court grant them rescission of the Notes and Mortgages and order Defendant to disgorge all interest payments so wrongfully obtained from Plaintiffs in connection with their improper Notes and Mortgages. Plaintiffs further request that this Honorable Court reform the Notes and Mortgages between the parties to reflect a fair and equitable bargain without the effect of Defendant's fraud and misrepresentation. Plaintiffs further request that this Honorable Court order Defendant to pay all costs and attorney fees so wrongfully incurred in having to bring this lawsuit.

16

## COUNT X
## <u>REFORMATION OF NOTES AND MORTGAGES</u>

86.   Plaintiffs incorporate all previous allegations by reference as if fully restated
      herein.

87.   The actions of Defendant, as more fully discussed above, are unconscionable.

88.   In the alternative, the agreements between these parties were entered into by
      Plaintiffs because of fraud by Defendant.

89.   In addition, there was no mutuality of assent to the terms and conditions of the
      Notes and Mortgages.

90.   As such, the agreements between these parties are subject to judicial
      reformation.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter a
judgment against the above-named Defendant in the amount over twenty five thousand
($25,000.00) dollars plus interest, costs and attorney fees so wrongfully sustained.
Plaintiffs further respectfully request that this Honorable Court issue an injunction,
pursuant to MCR 3.310 preventing Defendant from evicting Plaintiffs from the Property
and making any negative remarks on Plaintiffs' credit reports until a resolution of this
matter on the merits.  Plaintiffs further respectfully request that this Honorable Court
grant them rescission of the Notes and Mortgages and order Defendant to disgorge all
interest payments so wrongfully obtained from Plaintiffs in connection with their
improper Notes and Mortgages.  Plaintiffs further request that this Honorable Court
reform the Notes and Mortgages between the parties to reflect a fair and equitable bargain
without the effect of Defendant's fraud and misrepresentation.  Plaintiffs further request

17

that this Honorable Court order Defendant to pay all costs and attorney fees so

wrongfully incurred in having to bring this lawsuit.

**COUNT XI**
**VIOLATION OF MORTGAGE BROKERS, LENDERS,**
**AND SERVICERS LICENSING ACT, MCL § 445.1651, ET SEQ**

91.  Plaintiffs incorporate all previous allegations by reference as if fully restated

herein.

92.  MCL § 445.1672 provides:

> It is a violation of this act for a licensee or registrant to do any of the
> following:
> (a) Fail to conduct the business in accordance with law, this act, or a rule
> promulgated or order issued under this act.
> (b) Engage in fraud, deceit, or material misrepresentation in connection
> with any transaction governed by this act.

93.  By their acts as more fully set forth in the Complaint, Defendant has violated

these sections of the Mortgage Brokers, Lenders, and Servicers Licensing Act.

94.  As a result of these violations by Defendant, Plaintiffs have been damaged.

**WHEREFORE,** Plaintiffs respectfully request that this Honorable Court enter a

judgment against the above-named Defendant in the amount over twenty five thousand

($25,000.00) dollars plus interest, costs and attorney fees so wrongfully sustained.

Plaintiffs further respectfully request that this Honorable Court issue an injunction,

pursuant to MCR 3.310 preventing Defendant from evicting Plaintiffs from the Property

and making any negative remarks on Plaintiffs' credit reports until a resolution of this

matter on the merits. Plaintiffs further respectfully request that this Honorable Court

grant them rescission of the Notes and Mortgages and order Defendant to disgorge all

interest payments so wrongfully obtained from Plaintiffs in connection with their

improper Notes and Mortgages. Plaintiffs further request that this Honorable Court

18

reform the Notes and Mortgages between the parties to reflect a fair and equitable bargain without the effect of Defendant's fraud and misrepresentation. Plaintiffs further request that this Honorable Court order Defendant to pay all costs and attorney fees so wrongfully incurred in having to bring this lawsuit.

**COUNT XII**
**USURY/VIOLATION OF USURY ACT – MCL § 438.31 ET SEQ**

95.   Plaintiffs incorporate all previous allegations by reference as if fully restated herein.

96.   Defendant, having locked Plaintiff into a loan for collateral that could not be sold to redeem the value of money borrowed, and which Defendant bore no risk of loss, has committed usury against Plaintiffs.

97.   As a result, Plaintiffs have suffered damages.

98.   Plaintiffs hereby plead all attorney fees and costs as an element of damages.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter a judgment against the above-named Defendant in the amount over twenty five thousand ($25,000.00) dollars plus interest, costs and attorney fees so wrongfully sustained. Plaintiffs further respectfully request that this Honorable Court issue an injunction, pursuant to MCR 3.310 preventing Defendant from evicting Plaintiffs from the Property and making any negative remarks on Plaintiffs' credit reports until a resolution of this matter on the merits. Plaintiffs further respectfully request that this Honorable Court grant them rescission of the Notes and Mortgages and order Defendant to disgorge all interest payments so wrongfully obtained from Plaintiffs in connection with their improper Notes and Mortgages. Plaintiffs further request that this Honorable Court reform the Notes and Mortgages between the parties to reflect a fair and equitable bargain

19

without the effect of Defendant's fraud and misrepresentation. Plaintiffs further request that this Honorable Court order Defendant to pay all costs and attorney fees so wrongfully incurred in having to bring this lawsuit.

**COUNT XIII**
**TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION**

99.  Plaintiffs incorporate all previous allegations by reference as if fully restated herein.

100. Defendant has violated or intends to violate the express provisions of the Note and Mortgage entered into by the parties.

101. Defendant also has violated or intends to violate the requirements of the Truth in Lending Act, Mortgage Brokers, Lenders and Servicers Licensing Act and other federal and state laws.

102. In addition, as more fully described above, Defendant has refused or has been unable to provide an accurate accounting or any proof of default under the Note or Mortgage, although Plaintiff has requested such proof repeatedly.

103. Unless Defendant is enjoined from engaging in conduct violative of the agreements, and from improperly foreclosing upon the Mortgage and evicting Plaintiffs, Plaintiffs have been and will continue to be irreparably harmed by (among other things): (a)     The loss of Plaintiff's ownership interest in the Property; (b) The loss of Plaintiff's equity in the Property; (c) Damage to the marketability of the Property; (d) damage to Plaintiff's reputation in the community; and (e) the loss of all of Plaintiff's liquid assets without recourse.

104. In view of these (and other) considerations, Plaintiff has no adequate remedy at law.

20

**WHEREFORE**, Plaintiffs respectfully request that this Court:

A.    Enter immediately a Temporary Restraining Order restraining and enjoining Defendant and all persons acting in concert with it (including, but not limited to any officer, employee, agent, attorney or other representatives of Defendant) from directly or indirectly evicting Plaintiffs from the Property at issue and making any negative comments on Plaintiffs' credit reports;

B.    Continue the Temporary Restraining Order in full force and effect through and including a hearing before this Court on Plaintiffs' request for the entry of a Preliminary Injunction, and set such a hearing at a date convenient for the Court;

C.    Following the hearing on the request for a preliminary injunction, convert the Temporary Restraining Order into a Preliminary Injunction, to remain in effect until the merits of the parties' dispute are resolved by a Court of competent jurisdiction;

D.    Grant Plaintiffs such other and further relief as the Court deems to be just and equitable under the circumstances.

## JURY DEMAND

Plaintiffs hereby demand that this matter be tried before a Jury.

Respectfully Submitted,

LANDIS & DAY, PLC

_____

Kassem M. Dakhlallah (P70842)
Attorneys for Plaintiffs
6200 Schaefer Rd., Ste 301
Dearborn, MI 48126
(313) 582-1212

Dated: March 23, 2009

21

**STATE OF MICHIGAN**
**IN THE MACOMB COUNTY CIRCUIT COURT**

GERI G. GASIOROWSKI and
THOMAS S. GASIOROWSKI,

      Plaintiffs,

                               Case No. 09-     -CH

v.                                   Hon.

TAYLOR, BEAN & WHITAKER
MORTGAGE CORP., a Florida corporation
and FIFTH THIRD MORTGAGE COMPANY,
an Ohio corporation, Jointly and Severally,

      Defendants.

_____/

Kassem M. Dakhlallah (P70842)
Attorneys for Plaintiffs
6200 Schaefer Rd., Ste 301
Dearborn, MI 48126
(313) 582-1212

_____/

**EX PARTE EMERGENCY MOTION FOR A TEMPORARY**
**RESTRAINING ORDER AND A PRELIMINARY INJUNCTION**

      NOW COME the Plaintiffs, GERI G. GASIOROWSKI and THOMAS S.
GASIOROWSKI, by and through their attorneys, LANDIS & DAY, PLC, and move this
Honorable Court, pursuant to MCR 3.207 and 3.310 for a Temporary Restraining Order and a
Preliminary Injunction enjoining Defendant, TAYLOR, BEAN & WHITAKER MORTGAGE
CORP., and FIFTH THIRD MORTGAGE COMPANY ("Defendants") from conducting a
foreclosure sale of and evicting Plaintiffs from the real property commonly known as "39046
Lakeshore Drive, Harrison Township, Michigan 48045 (hereinafter, "the Property") and from
making further negative remarks onto Plaintiffs' credit reports. In support of their Motion,
Plaintiffs state as follows:

1. As more fully set forth in Plaintiffs' Complaint (the contents of which are hereby incorporated herein by reference), Defendant has violated or intends to violate the express provisions of the Notes and Mortgages entered into by the parties. Defendant also has violated and intends to violate the Federal Truth in Lending Act, as more fully set forth in the Complaint. Defendant also has violated or intends to violate the requirements of the Truth in Lending Act and/or the Michigan Mortgage Brokers, Lenders and Servicers Licensing Act, as well as other applicable law, as more fully set forth in the Complaint. In addition, as more fully described in the Complaint and in the supporting exhibits, Defendants have refused or have been unable to provide an accurate accounting or any legitimate proof of default under the Notes or Mortgages, although Plaintiffs have requested such proof repeatedly. In addition, Defendant obtained closing costs, interest and fees from Plaintiffs after having induced Plaintiffs into obtaining a mortgage loan on the Property. The Property had an inflated value because Defendant systematically and as a matter of corporate policy induced a very large number of other borrowers into borrowing more money than the true market value of their homes. When the homeowners could no longer make their excessive mortgage payments, and could no longer refinance their loans, they defaulted in large numbers. This sent property values plummeting. As a result, each month, Plaintiffs make a payment to Defendant on an obligation that was entered into based upon Defendant's fraud, misrepresentation and violations of state and federal law. It would be inequitable to force Plaintiffs to continue to make payments under this loan as if this loan was a bona fide transaction. Further, it would be improper to allow Defendant to foreclose upon the mortgages on the Property, evict Plaintiffs from the Property or to make negative statements onto Plaintiffs' credit reports for alleged failure to repay a bona fide loan obligation.

-2-

2.      For the reasons stated in the Complaint and in Plaintiffs' Brief filed in support of this Motion, unless Defendant is enjoined from engaging in conduct violative of the agreements and applicable law, and from improperly foreclosing upon the Property and evicting Plaintiffs and refusing to refund Plaintiffs' money to Plaintiffs, collecting monthly payments from Plaintiffs, evicting Plaintiffs from the Property and making negative credit remarks on Plaintiffs' credit reports, Plaintiffs have been and will continue to be irreparably harmed by (among other things):

>        (a)  the loss of Plaintiffs' ownership interest in the Property;
>
>        (b)  the loss of Plaintiffs' possessory interest in the Property;
>
>        (c)  the loss of Plaintiffs' equity in the property;
>
>        (d)  damage to the marketability of the Property;
>
>        (e)  the loss of Plaintiffs' payments to Defendants;
>
>        (f)  the loss of the value of the improvements Plaintiffs made to the Property;
>
>        (g)  damage to Plaintiffs' credit reports and ability to borrow money.

In view of these (and other) considerations, Plaintiffs have no adequate remedy at law.

3.      A balancing of the relevant hardships favors the entry of injunctive relief, and such relief would serve the public interest.

WHEREFORE, Plaintiffs respectfully request that this Court:

A.      Enter immediately a Temporary Restraining Order restraining and enjoining Defendant and all persons acting in concert with it (including, but not limited to any officer, employee, agent, attorney or other representative of Defendant) from directly or indirectly conducting a foreclosure sale of and evicting Plaintiffs from the Property at issue and from making any negative remarks on Plaintiffs' credit reports;

B.      Continue the Temporary Restraining Order in full force and effect through and including a hearing before this Court on Plaintiffs' request for the entry of a Preliminary Injunction, and set such a hearing at a date convenient for the Court;

C.      Following the hearing on the request for a preliminary injunction, convert the Temporary Restraining Order into a Preliminary Injunction, to remain in effect until the merits of the parties' dispute are resolved by a Court of competent jurisdiction;

D.      Grant Plaintiffs such other and further relief as the Court deems to be just and equitable under the circumstances.

Respectfully Submitted,

LANDIS & DAY, PLC

Kassem M. Dakhlallah (P70842)
Attorneys for Plaintiffs
6200 Schaefer Rd., Ste 301
Dearborn, MI 48126
(313) 582-1212

Dated: March 23, 2009

-4-

### STATE OF MICHIGAN
### IN THE MACOMB COUNTY CIRCUIT COURT

GERI G. GASIOROWSKI and
THOMAS S. GASIOROWSKI,

      Plaintiffs,

                              Case No. 09-     -CH
v.                                Hon.

TAYLOR, BEAN & WHITAKER
MORTGAGE CORP., a Florida corporation
and FIFTH THIRD MORTGAGE COMPANY,
an Ohio corporation, Jointly and Severally,

      Defendants.

_____/

LANDIS & DAY, PLC
Kassem M. Dakhlallah (P70842)
Attorneys for Plaintiffs
6200 Schaefer Rd., Ste 301
Dearborn, MI 48126
(313) 582-1212

_____/

### PLAINTIFFS' BRIEF IN SUPPORT OF EMERGENCY MOTION FOR
### A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION

**I.**    **INTRODUCTION**

       This matter arises out of Defendant's fraud and misrepresentation perpetrated against

Plaintiffs in connection with Plaintiffs' purchase of and financing of a parcel of residential

property. This matter also arises out of the continued and wrongful obligation of Plaintiffs to

make payments to Defendants pursuant to improperly-made mortgage loans. Plaintiffs in this

matter have worked hard and saved their money for their entire adult lives prior to the fraud and

sharp dealing perpetrated against them by Defendant in connection to the purchase of and

financing of their current residence. Defendants originated a mortgage loan on real property

owned by Plaintiffs that: 1. Plaintiffs could not afford to repay; 2. lacked full and fair disclosure

of all the material terms; 3. contained misrepresentations regarding Plaintiffs' repayment

obligations; and 4. resulted from a systematic inflation of property values in the mortgage market by the Defendants. Further, prior to closing on the loans, Plaintiffs were promised that they would be able to sell the Property or refinance the loans at a later date. Defendants, however, have failed and refused to refinance the loans.

It is now well-documented that Defendant in this matter, and virtually all other mortgage loan lenders, brokers and servicers across the country, inflated property values in order to make larger loans and increase their profits. While some of the guilty banks have been bailed out by the federal government pursuant to the Troubled Asset Relief Program (TARP), the innocent consumers who obtained the loans are stuck repaying loans that never reflected the true value of the properties on which they were obtained. Compounding this problem is the failure and refusal of lenders to modify loans, and the inability of borrowers to sell their properties. Rather than work to correct the problems that they created, Defendants instead foreclose on mortgages and evict and ruin the credit ratings of borrowers like Plaintiffs.

It is clear that Plaintiffs here never could afford the Property and were induced into obtaining their mortgage loans based upon the false promises and misrepresentations of Defendant that: 1. the Property was worth the value of the loan obtained by Plaintiffs; 2. that the payments would be lower than they were; 3. Plaintiffs would be allowed to refinance the loan they were tricked into obtaining; 4. Plaintiffs could afford to make the payments.

Plaintiffs were reduced from being in a tremendously comfortable financial position to essentially living paycheck to paycheck as a direct result of these transactions. Plaintiffs have attempted for over three years to unwind the transactions that have ruined them financially – and have tried to remain current on their mortgage payments, but Defendant has been wholly unreceptive to Plaintiffs' good-faith attempts to resolve Defendant's misdeeds. Instead, the machine that is the large mortgage companies have continued to collect exorbitant and unrealistic

mortgage payments as if the underlying transaction resulted not from Defendant's well-known fraud, but from arms-length dealings between the parties. Now, the only way for Plaintiffs to begin to be made whole is for this Court to issue a Temporary Restraining Order and Preliminary Injunction enjoining and restraining Defendant from improperly evicting Plaintiffs from the Property and from making any negative remarks on Plaintiffs' credit reports.

## A.   NATURE OF THE ACTION AND DEFENDANT'S WRONGFUL CONDUCT

### 1.  The Parties

Plaintiffs are husband and wife who reside in the Township of Harrison, Macomb County, Michigan. Defendant TAYLOR, BEAN & WHITAKER MORTGAGE CORP. is a State of Florida corporation that does business throughout metropolitan Detroit, including, but not limited to, the Township of Harrison, Macomb County, Michigan and that operates as a "mortgage servicer," "mortgage broker" and/or "mortgage lender" in Michigan as these terms are defined in MCL §§ 445.1651a(o), 445.1651a(l) and 445.1651a(m), respectively. Defendant FIFTH THIRD MORTGAGE COMPANY is a State of Ohio corporation that does business throughout metropolitan Detroit, including, but not limited to, the Township of Harrison, Macomb County, Michigan and that operates as a "mortgage servicer," "mortgage broker" and/or "mortgage lender" in Michigan as these terms are defined in MCL §§ 445.1651a(o), 445.1651a(l) and 445.1651a(m), respectively.

This lawsuit arises out of a business relationship involving Plaintiffs and the Defendant, entered into and transacted within the State of Michigan, County of Macomb. This lawsuit also arises out of interests in a parcel of real property located within the State of Michigan, County of Macomb, commonly known as 39046 Lakeshore Drive, Harrison Township, Michigan 48045 (the "Property").

-3-

**2. The Facts**

Plaintiffs acquired the Property in 1987. Plaintiffs refinanced their loan on the Property with Defendant in about March 2007. Defendant overzealously and aggressively pushed the loan application through. In conjunction with the loan refinance on the Property, the Property was appraised at a value of four hundred and five thousand ($405,000.00) dollars. Plaintiffs were not properly informed of all of the material provisions of their mortgage loan prior to closing the loan and before having to make monthly payments thereon. Plaintiffs were promised that the financing scheme utilized was meant to be temporary and that Plaintiffs would be able to sell their Property or refinance the loans if paying the monthly loan payments became problematic. Plaintiffs did not have the ability to make the mortgage loan payments at all relevant times without incurring substantial financial hardship. Plaintiffs struggled to make the payments and remained current as long as they possibly could.

At all relevant times, Defendant, along with other mortgage lenders, brokers and servicers, systematically inflated the supposed market values of properties throughout the mortgage market in order to lend more money and sell the ill-begotten mortgage loans on the mortgage-backed securities ("MBS") market. As part of their scheme, Defendant made a large but presently-unknown number of loans to borrowers who were absolutely unable to repay the amounts borrowed. This led to artificially high mortgage loan amounts that were disconnected from the true market values of properties being bought and sold. Eventually, when these doomed loans were placed into default in large numbers, the inflated property values throughout Michigan and the United States plummeted to coincide with true property values. The Property owned by the Plaintiffs in this matter suffered from this precipitous decline in statewide and national property values.

As a result, Plaintiffs owed significantly more on their mortgage loan than the Property could have been sold for on the open market. In fact, the Property was never actually worth the amount of the loan that Plaintiffs obtained thereon. Plaintiffs tried unsuccessfully to resolve the matter with Defendants, offering to modify the loan terms, but Defendants ignored all such attempts at compromise. Defendants were active participants in the systematic inflation of property values and fraud in the MBS market that ultimately led to Plaintiffs paying a much higher price for the Property than the Property was ever worth. Nonetheless, Plaintiffs paid each of the mortgage loan payments on time and in full in order to keep their credit ratings in tact. However, the mortgage loan that Plaintiffs have diligently paid each month was procured by fraud, misrepresentation and violations of state and federal mortgage consumer protection laws. Eventually, because property values in the market had depreciated back to realistic levels, Plaintiffs could not refinance their loan.

For all of these reasons, it is clear that the only way for Plaintiffs to begin to vindicate their rights is to file this lawsuit and have the Court enter an Order preventing a foreclosure sale and preventing Defendants from evicting Plaintiffs and ruining Plaintiffs' credit report.

## II.    LAW AND ARGUMENT

### A.    PRELIMINARY INJUNCTIONS - GENERALLY

The purpose of a preliminary injunction is to "preserve the status quo pending a final hearing, enabling the rights of the parties to be determined without injury to either party." *Pharmaceutical Research & Manufacturers of America v. Dep't of Community Health*, 254 Mich.App 397, 402; 657 NW2d 162 (2002). "The status quo which will be preserved by a preliminary injunction is the last actual, peaceable, noncontested status which preceded the pending controversy." *Fancy v. Egrin*, 177 Mich.App 714, 720; 442 NW2d 765 (1989).

### B.    DEFENDANT IS IN VIOLATION OF THE TRUTH IN LENDING ACT

The federal Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq.*, and Regulation Z, 12 CFR 226.1 *et seq.*, both provide for rescission until three days after the latest of (1) consummation of the transaction, (2) delivery of two copies for each borrower of the notice of right to cancel, or (3) **delivery of all "material disclosures."**

Here, Defendant never did provide Plaintiffs with all of the material disclosures that Plaintiffs would have needed to be fully informed about their repayment obligations. In addition, Defendant never did provide Plaintiffs with any copies of the Notice of Right to Cancel. Thus, Plaintiffs may currently rescind the Notes and Mortgages. After rescinding the loan transaction, the Plaintiffs would not be obligated to pay the note, and Defendant would be required to discharge the mortgage. 15 U.S.C. § 1635(b). In addition, Plaintiffs are entitled to all of the interest payments made pursuant to the Notes and Mortgages up to the point of rescission. See 12 CFR § 226.15(d) stating:

> Effects of rescission. (1) When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void, and the consumer shall not be liable for any amount, including any finance charge. (2) Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.

The requirements of the Truth in Lending Act are highly technical, but full compliance is required; even minor violations of Act cannot be ignored, Truth in Lending Act, Section 102 *et seq.* as amended, 15 U.S.C. Section 1601 *et seq.*; Truth in Lending Act Regulations, Regulation Z Section 226.1 *et seq.*, 15 U.S.C. foil. Section 1700. *Griggs v. Providence Consumer Discount Co.* 503 F.Supp. 246, appeal dismissed 672 F2d 903, appeal after remand 680 F.2d 927, certiorari granted, vacated 103 S.Ct, 400, 459 U.S. 56, 74 L.Ed.2d 225, on remand 699 F,2d 642. Thus, Plaintiffs' right to rescind the Notes and Mortgages and Defendant's obligation to disgorge all

interest payments are absolute.

In addition, the Truth in Lending Act requires that a creditor (or lessor) disclose to the person who is obligated on a consumer lease or a consumer credit transaction the information required under the Act. 15 U.S.C.A. § 1631(a). Information disclosures required by the Truth in Lending Act must be clearly and conspicuously shown, in accordance with regulations of the Board of Governors of the Federal Reserve System. 15 U.S.C.A. § 1632(a).

Courts have stated that all disclosures required by the Truth in Lending Act and 12 C.F.R. Part 226 must be in writing, and even where oral disclosures are found to be accurate, such a finding does not lessen the liability for failure to reduce disclosures to writing. *Dryden v. Lou Budke's Arrow Finance Co.*, 661 F.2d 1186 (8th Cir. 1981).

Courts have also stated that as a general rule, the purpose of the Truth in Lending Act is better served when all of the required disclosures are contained on one side of one sheet of paper—the burden imposed upon the creditor thereby is slight, but the benefit to the borrowing public is substantial. *Pedro v. Pacific Plan of California*, 393 F. Supp. 315 (N.D. Cal. 1975).

Recently, courts have held that a misleading disclosure is as much a violation of TILA as a failure to disclose at all. Truth in Lending Act, §§ 102 *et seq.*, 15 U.S.C.A. §§ 1601 *et seq. Palmer v. Champion Mortg.*, 465 F.3d 24 (1st Cir. 2006).

Also, Courts must evaluate the adequacy of Truth in Lending Act (TILA) disclosures from the vantage point of a hypothetical average consumer, a consumer who is neither particularly sophisticated nor particularly dense. Truth in Lending Act, §§ 102 *et seq.*, 15 U.S.C.A. §§ 1601 *et seq. Palmer v. Champion Mortg.*, 465 F.3d 24 (1st Cir. 2006).

Except as otherwise provided in the Truth in Lending Act, the amount of the finance charge in connection with any consumer credit transaction is to be determined as the sum of all charges, payable directly or indirectly by the person to whom the credit is extended, and imposed

-7-

directly or indirectly by the creditor as an incident to the extension of credit. 15 U.S.C.A. §
1605(a); 12 C.F.R. § 226.4(a).

Thus, the failure to include the total finance charges and the total of all payments to be
made under a loan on a disclosure statement violates the Truth in Lending Act. *April v. Union
Mortg. Co., Inc.*, 709 F. Supp. 809 (N.D. Ill. 1989); *Turner v. West Memphis Federal Sav. and
Loan Ass'n*, 266 Ark. 530, 588 S.W.2d 691 (1979).

Here, we have a complete and utter failure to provide the required disclosures. The
monthly payments Plaintiffs believed they were to make were significantly lower than the actual
monthly payments that Plaintiffs made all along. Thus, Defendant has failed to provide full and
accurate disclosure to borrowers in connection with a credit transaction, in violation of the Truth
in Lending Act.

In addition, the question of whether lender's Truth in Lending Act disclosures are
inaccurate, misleading or confusing ordinarily will be for fact finder; however, where confusing,
misleading and inaccurate character of disputed disclosure is so clear that it cannot reasonably be
disputed, summary judgment for plaintiff is appropriate. Truth in Lending Act Section 102 *et
seq*; Truth in Lending Regulations, Regulation Z, Section 226.1 *et seq.*, 15 U.S.C. Section 1700.
*Griggs v. Provident Consumer Discount Co.* 503 F, Supp 246, appeal dismissed 672 F.2d 903,
appeal after remand 680 F.2d 927, certiorari granted, vacated 103 S.Ct, 400, 459 U.S. 56, 74
L.Ed.2d 225, on remand 699 E2d 642.

Here, Defendant's Truth in Lending Disclosures are non-existent and so they are so
inaccurate, misleading and confusing that summary disposition would be appropriate. Thus,
entry of a temporary restraining order and preliminary injunction preventing Defendant from
engaging in an improper foreclosure sale is clearly appropriate.

Thus, Defendant must:

1. Refund to Plaintiffs all finance charges paid to Defendant pursuant to the Notes and Mortgages; and
2. Immediately cancel Defendant's security interest in the Property.

See 12 CFR § 226.15(d), stating:

> Effects of rescission. (1) When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void, and the consumer shall not be liable for any amount, including any finance charge. (2) Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.

## C.   DEFENDANT IS IN VIOLATION OF THE MORTGAGE BROKERS, LENDERS, AND SERVICERS LICENSING ACT

The Mortgage Brokers, Lenders and Servicers Licensing Act (hereinafter, "MBLSLA"),

MCL § 445.1651 et seq, provides the framework for the lawful conduct of a Mortgage Broker,

Lender and/or Servicer in Michigan. MCL § 445.1672 provides, in relevant part, that:

> It is a violation of this act for a licensee or registrant to do any of the following:
> (a) Fail to conduct the business in accordance with law, this act, or a rule promulgated or order issued under this act.
> (b) Engage in fraud, deceit, or material misrepresentation in connection with any transaction governed by this act.

By failing to disclose pertinent information regarding payments and fees in connection

with the Notes and Mortgages on the Property, Defendant has violated the MBLSLA. In

addition, Defendant perpetrated fraud and deceit upon all borrowers in the mortgage market

including Plaintiffs by originating loans for properties whose true values did not justify the

amount of the loans. Further, Defendants specifically stated that Plaintiffs would be able to

refinance the loans or sell the Property at a later date if payment was not possible – statements

that were patently false. Defendants cannot be allowed to use their violations of the MBLSLA as

a basis for continuing to collect payments, refusing to modify the loans, and conducting an

improper foreclosure sale of the subject Property or to make any damaging remarks on Plaintiff's

credit reports.

### D.    DEFENDANTS ARE LIABLE FOR VARIOUS COMMON LAW CAUSES OF ACTION

#### 1.    Fraudulent Misrepresentation

The elements of fraudulent misrepresentation are (1) the defendant made a material representation, (2) the representation was false, (3) when making the representation, the defendant knew or should have known it was false, (4) the defendant made the representation with the intention that the plaintiff would act upon it, and (5) the plaintiff acted upon it and suffered damages as a result. *Novak v. Nationwide Mut Ins Co*, 235 Mich.App 675, 688; 599 NW2d 546 (1999).

By representing that the mortgage payment and interest would be significantly lower than they actually were, and by Plaintiff's reliance in originating the mortgage loans with Defendants and making payments upon such representations, as more fully set forth in the Complaint and above, Defendants are liable for fraudulent misrepresentation.  In addition, Plaintiff justifiably relied on Defendants' false and fraudulent statement that Defendants would refinance the loans at a later date and that the amounts of money borrowed were adequately backed by the true value of the Property.  Plaintiffs further justifiably relied on Defendant's representations that they would have the ability to repay the loan.

#### 2.    Negligent Misrepresentation

The elements of negligent misrepresentation are: (1) the plaintiff's justifiable and detrimental reliance on (2) information provided without reasonable care (3) by one who owed the party who relied a duty of care. *Law Offices of Lawrence J. Stockler v Rose*, 174 Mich.App 14, 33; 436 NW2d 70 (1989).

All of the elements are easily satisfied here.  Plaintiff justifiably relied on Defendants'

-10-

statements regarding the interest rates and payments pursuant to the mortgage loans, the value of the Property, whether Plaintiffs would be able to refinance and whether Plaintiffs would be able to repay the loan. Considering the vast difference between the amounts represented by Defendants and also in the Truth in Lending Disclosures, and the actual amount later demanded by Defendants, it is clear that the information was provided without reasonable care. Finally, the lender-borrower/mortgagee-mortgagor relationship between Plaintiff and Defendants created a duty of care on the part of Defendants.

### 3.       Defamation of Credit / Violation of Fair Credit Reporting Act

The elements of defamation are: (1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged communication to a third party, (3) fault amounting at least to negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by publication. *Mitan v. Campbell*, 474 Mich. 21, 24, 706 N.W.2d 420 (2005).

Here, Defendants seek to make defamatory statements concerning Plaintiff's payment history with Defendants. Plaintiff continuously made their mortgage payments even though Defendants attempted to charge Plaintiff improper amounts. These statements on Plaintiff's credit reports are unprivileged. These statements will be published by Defendants at least negligently. As a result, Plaintiff has suffered special harm in damage to his ability to obtain credit.

### 4.       Predatory Lending / Violation of 15 USC § 1639

Defendant stripped all of the equity out of Plaintiffs' home by locking Plaintiffs into an unfavorable Note and Mortgage and charging Plaintiffs exorbitant closing costs which Defendants rolled into the loan and then charged Plaintiffs interest on. Defendant falsified Plaintiffs' alleged income in order to get Plaintiffs approved for the loan without any regard to

-11-

Plaintiffs' actual ability to repay the loan. Plaintiffs were forced to expend their savings in order to stay current on Defendant's ill-begotten loan payment. Plaintiffs have been ruined financially by Defendant's predatory lending practices.

In addition, because of Defendant's shady business practices, the residential real estate market has been destroyed. Property values have plummeted. Plaintiff's Property cannot be sold for anything near Plaintiff's outstanding mortgage loan balance. Defendant and other lenders systematically engaged in predatory lending and violation of the Truth-in-Lending Act and other statutes as they inflated property values and made larger loans and larger profits. Borrowers such as Plaintiffs thereby were locked into unjustifiably large mortgage loans and paying much more for their properties than the properties were actually worth – and that they would have been paying had it not been for Defendants' fraud.

Plaintiffs did absolutely nothing wrong as they purchased the Property and refinanced their loan with Defendants. However, if this Court does not provide a remedy, it will allow Defendant to force Plaintiffs to pay for Defendant's misdeeds.

Defendants are in violation of 15 USC § 1639(b)(3), which requires Defendants to modify the terms of Plaintiffs' loans as Plaintiffs are experiencing a bona fide financial emergency.

Defendants have failed or refused to modify the terms of the loan. As a result, Plaintiffs have suffered damages.

In addition, Defendants have violated 15 USC § 1639(h) which provides that:

> A creditor shall not engage in a pattern or practice of extending credit to consumers under mortgages referred to in section 1602 (aa) of this title based on the consumers' collateral without regard to the consumers' repayment ability, including the consumers' current and expected income, current obligations, and employment.

By extending credit to Plaintiffs without regard to their ability to repay the debt, Defendants have violated 15 USC § 1639(h). As a result, Plaintiffs have suffered damages. Plaintiffs hereby invoke their right to rescind the transactions at issue in this litigation.

### 5.    Usury / Violation of Usury Act

Defendant locked Plaintiffs into a Note and Mortgage based upon loan terms which: 1. the Plaintiffs could not afford to repay; 2. were not based upon real property values; 3. were interest-only; 4. Defendant did not bear any risk of loss. This loan is usurious by the common law and by the statutory definition. (See MCL § 438.31 *et seq*).

### E.    POWER OF SALE FORECLOSURES – GENERALLY

The right to foreclose by advertisement and sale, without court proceedings, has always been purely statutory. *Calaveras Timber Co. v. Michigan Trust Co.*, 278 Mich. 445, 270 N.W. 743(1936); *Weaver v. Van Akin*, 71 Mich. 69, 38 N.W. 677 (1888); *Niles v. Ransford*, 1 Mich. 338, 1849 WL 1910 (1849). The purpose of this statute is to force an election of remedies against the mortgagor. *U.S. v. Leslie*, 421 F.2d 763 (6th Cir. 1970). Michigan has had provisions for foreclosure of real estate mortgages by advertisement and without litigation since 1827. See history note to MCLA 600.3201. The general provision is that every mortgage of real estate containing a power of sale, on default being made in any condition of that mortgage, may be foreclosed in the instances and manner specified. MCLA 600.3201. MCLA 125.1449a. The statute requires that all of the following exist:

> (1) **a default in a condition of the mortgage has occurred** by which the power to sell became operative; MCLA 600.3204(1)(a).
> (2) an action or proceeding has not been instituted, at law, to recover the debt remaining secured by the mortgage or any part of the mortgage; or if an action or proceeding has been instituted, it has been discontinued; or an execution on the judgment rendered in an action or proceeding has been returned unsatisfied in whole or in part; MCLA 600.3204(1)(b). and
> (3) **the mortgage containing the power of sale has been properly recorded and, if the party foreclosing is not the original mortgagee, a record chain of**

> **title exists evidencing the assignment of the mortgage to the party foreclosing the mortgage.**

MCLA 600.3204(1)(c)(Emphasis added).

If a mortgage contains a power of sale *Butler v. Ladue*, 12 Mich. 173, 1863 WL 1214 (1863) (power of sale need not be coextensive with condition of mortgage) (the inclusion of which is a prerequisite to foreclosure in this manner), *Guardian Depositors Corp. v. Powers*, 296 Mich. 553, 296 N.W. 675 (1941); *Bradway v. Miller*, 200 Mich. 648, 167 N.W. 15 (1918); *Bryan v. Straus Bros. & Co.*, 157 Mich. 49, 121 N.W. 301 (1909); *Hebert v. Bulte*, 42 Mich. 489, 4 N.W. 215 (1880); *Cowles v. Marble*, 37 Mich. 158, 1877 WL 3795 (1877); *Doyle v. Howard*, 16 Mich. 261, 1867 WL 1813 (1867); *Lariverre v. Rains,* 112 Mich. 276, 70 N.W. 583 (1897), the right to foreclose by advertisement, pursuant to the statutes, is implied from that power. *Bass v. Federal Land Bank of St. Paul, Minn.*, 300 Mich. 418, 2 N.W.2d 447(1942); *Detroit Trust Co. v. Agozzinio*, 280 Mich. 402, 273 N.W. 747 (1937); *Oades v. Standard Sav. & Loan Ass'n*, 257 Mich. 469, 241 N.W. 262 (1932); *Hoffman v. Harrington*, 33 Mich. 392, 1876 WL 4003 (1876).

The right or power to foreclose by advertisement is a matter of contract. *White v. Burkhardt*, 338 Mich. 235, 60 N.W.2d 925 (1953); *Manufacturers Hanover Mortg. Corp. v. Snell*, 142 Mich. App. 548, 370 N.W.2d 401 (1985) (private remedy arising out of mortgage contract), and, of course, **cannot extend beyond the terms of the instrument or the power conferred by it.** *Equitable Trust Co. v. Barlum Realty Co.*, 294 Mich. 167, 292 N.W. 691, 130 A.L.R. 1343 (1940); *Oades v. Standard Sav. & Loan Ass'n*, 257 Mich. 469, 241 N.W. 262 (1932).

The applicable statutes require that an event of default first occur.  Here, no event of default could have occurred since Defendant attempts to charge Plaintiff improper amounts.

In addition, because of the nature of the Mortgage-Backed Securities market, it is unlikely that Defendant has the present ability to produce a chain of title prior to selling the Property at a

-14-

foreclosure sale.

Thus, the applicable statutes, case law and contract provisions between these parties all point to the undeniable conclusion that any foreclosure sale attempted by Defendants here is improper. Since the underlying obligation was procured by Defendants' fraud and misrepresentation, Defendants do not have the right to foreclose on the Property.

### F.     THE STATUS QUO BETWEEN THE PARTIES MUST BE PRESERVED BY THIS COURT

It is clear that the status quo of the relationship between the parties is that Plaintiffs timely and fully complied with all of the requirements of each agreement between the parties. Plaintiffs have never committed any act of default under any of the agreements.

Defendants' attempt to foreclose and evict Plaintiffs from the Property runs contrary to the requirements of the agreements. Plaintiffs have never committed any waste to the Property. Plaintiffs have always maintained casualty insurance on the Property and paid all taxes fully and on time.

Clearly, none of the events of default listed in the Mortgage have ever been committed by Plaintiffs. The amounts alleged to be due by Defendant only arise because of Defendant's conduct in violation of applicable law and the agreements. Thus, Defendant's attempt to conduct a foreclosure sale of the Property or to make any negative remarks on Plaintiffs' credit reports would be improper.

### G.     PLAINTIFFS SATISFY ALL THE REQUISITES FOR INJUNCTIVE RELIEF

The trial court must consider and balance four factors in deciding whether to issue a preliminary injunction: (1) the moving party's likelihood of success on the merits; (2) the moving party's likelihood of suffering irreparable injury absent the injunction; (3) the requested injunction's potential for causing substantial harm to others; and (4) the degree to which the

-15-

injunction would serve the public interest. *Suster v. Marshall*, 149 F.3d 523, 528 (6th Cir.1998). "It is important to recognize that the four considerations applicable to preliminary injunction are factors to be balanced and not prerequisites that must be satisfied. These factors simply guide the discretion of the court; they are not meant to be rigid and unbending requirements." *In re Eagle-Picher Indus., Inc.*, 963 F.2d 855, 859 (6th Cir.1992).

As set forth below, Plaintiffs have satisfied these requirements and therefore, should be granted a preliminary injunction enjoining and restraining Defendant, and any person or entity acting in concert with it, from engaging in a power of sale foreclosure of the Property in violation of the Agreements between the parties and the applicable law.

### 1.     There Is A Likelihood of Success On The Merits.

In view of the litany of decisions and statutes cited above, the fact that Plaintiffs are likely to prevail on the merits of their claims is not subject to serious challenge.  Defendants' failure or refusal to deliver to Plaintiff full material disclosures relating to the mortgage loan transactions is indisputable.  Further, it is well-documented that Michigan and the United States are facing a mortgage market meltdown that was precipitated at least in part by the lending practices of Defendant and other companies like it.  It would be easy to prove through discovery that Defendant repeatedly and as a matter of policy made highly-inflated loans to individuals who simply could not afford to repay them.  Defendant artificially boosted property values to benefit their own bottom line without regard to the ultimate victims – borrowers like Plaintiffs.

In addition, Defendant has not followed any of the statutory requirements of engaging in a power of sale foreclosure.  Specifically, Plaintiffs has not committed any act of default under any of the agreements. This is a clear prerequisite to foreclosure under statute and case law.  Clearly, by the requirements of the Agreements between the parties, statutes and case law, Defendant has no right to institute a foreclosure sale at the present time.

-16-

In summary, Plaintiffs have made – at a bare minimum – a sufficient showing to establish a likelihood (and indeed the probability) of their ultimate success. Accordingly, Plaintiffs have amply satisfied that requisite of injunctive relief.

**2.      Irreparable Harm And The Lack Of An Adequate Remedy At Law.**

Plaintiffs will clearly be subjected to immediate irreparable harm if an injunction does not issue. Unless Defendant is enjoined from engaging in conduct violative of applicable law and the agreements, and from improperly collecting payments, defaming Plaintiffs' credit and foreclosing upon the Mortgage and evicting Plaintiffs from the Property, Plaintiffs have been and will continue to be irreparably harmed by (among other things):

> (a) the loss of Plaintiffs' ownership interest in the Property;
> (b) the loss of Plaintiffs' possessory interest in the Property;
> (c) the loss of Plaintiffs' equity in the Property;
> (d) damage to the marketability of the Property;
> (e) the loss of Plaintiffs' payments to Defendant;
> (f) the loss of the value of the improvements Plaintiffs made to the Property;
> (g) irreparable damage to Plaintiffs' credit reports.

In view of these (and other) considerations, Plaintiffs have no adequate remedy at law. This Court can provide the only appropriate remedy to Plaintiffs by issuing an order preventing Defendant from engaging in the prohibited foreclosure sale and from making any negative statements on Plaintiffs' credit reports until the conclusion of this matter on the merits.

**3.      Balancing Of The Relative Hardships And The Public Interest.**

The substantial likelihood of Plaintiff's ultimate success on the merits, and the immediate and irreparable harm to which Plaintiff would be subjected, weigh heavily in favor of the entry of an injunction. The balance is not shifted by any harm to Defendants resulting from an injunction, because there is no such harm (or, if any exists, it is minimal).

An injunction would simply require Defendants to adhere to their contractual obligations and applicable law. Merely requiring Defendants to live up to the promises that they made in

exchange for the many benefits that Plaintiffs have furnished to Defendants during the course of the business relationship between the parties is not any form of "harm" or "hardship."

Moreover, the restrictions on Defendants' activities as a result of an injunction are by no means severe. Plaintiff is not seeking to prevent Defendants from obtaining their right to the benefits of their bargains with Plaintiff. Plaintiff merely asks that the parties continue performing their obligations under the Agreements between the parties as contemplated when they entered into said Agreements. Plaintiff is not asking for any additional rights above and beyond those contemplated when the parties entered into their Agreements. Plaintiff is not seeking to limit Defendants' rights under the Agreements. Plaintiff merely asks that the Agreements be enforced as written, minus the effects of Defendants' fraud and misrepresentation.

Further, the public interest is always served when the law is enforced. Here, it would be an injustice to allow Defendants to conduct a foreclosure sale contrary to the requirements of state law and the Agreements between the parties. This deleterious effect is compounded by the prevalence of foreclosures in the marketplace. The dwindling property values experienced in this State need not be compounded by improper foreclosures. The public would stand to benefit by this Court's issuance of an injunction against Defendants.

### III.     CONCLUSION

For all the reasons discussed above, Plaintiffs have established all of the requisites for a temporary restraining order and a preliminary injunction. A temporary restraining order should be issued immediately precluding Defendant from selling and evicting Plaintiffs from the Property and from making negative remarks on Plaintiffs' credit reports. The Court should also set this matter for a hearing on a preliminary injunction.

WHEREFORE, Plaintiff respectfully request that this Court:

A.      Enter immediately a Temporary Restraining Order restraining and enjoining Defendants and all persons acting in concert with them (including, but not limited to any officer, employee, agent, attorney or other representative of Defendants) from directly or indirectly selling and evicting Plaintiffs from the Property at issue and from making any negative remarks on Plaintiff's credit report;

B.      Continue the Temporary Restraining Order in full force and effect through and including a hearing before this Court on Plaintiff's request for the entry of a Preliminary Injunction, and set such a hearing at a date convenient for the Court;

C.      Following the hearing on the request for a preliminary injunction, convert the Temporary Restraining Order into a Preliminary Injunction, to remain in effect until the merits of the parties' dispute are resolved by a Court of competent jurisdiction;

D.      Grant Plaintiff such other and further relief as the Court deems to be just and equitable under the circumstances.


Respectfully Submitted,

LANDIS & DAY, PLC


_____
Kassem M. Dakhlallah (P70842)
Attorneys for Plaintiffs
6200 Schaefer Rd., Ste 301
Dearborn, MI 48126
(313) 582-1212

Dated: March 23, 2009

-19-

# EXHIBIT B

**2009-001390-CH GASIOROWSKI, GERI G vs. TAYLOR BEAN & WHITAKER MORTGAGE CORP MS2**

| File Date | 03/24/2009 | Case Status | Open | Case Status Date | 03/24/2009 |
|---|---|---|---|---|---|

### Party Information

| Party Name | Party Alias(es) | Party Type | Attorney(s) | Attorney Phone |
|---|---|---|---|---|
| GASIOROWSKI, GERI G | | PLAINTIFF | DAKHLALLAH, KASSEM M | 3135821212 |
| GASIOROWSKI, THOMAS S | | PLAINTIFF | DAKHLALLAH, KASSEM M | 3135821212 |
| TAYLOR BEAN & WHITAKER MORTGAGE CORP | | DEFENDANT | | |
| FIFTH THIRD MORTGAGE COMPANY | | DEFENDANT | | |

### Case Schedule

| Date | Start Time | Event Type | Result |
|---|---|---|---|
| 03/31/2009 | 08:30 AM | MTN FOR RESTRAINING ORDER | |

### Financial Entries

| Receipt # | Date | Received From | Amount Paid |
|---|---|---|---|
| 259892 | 03/24/2009 | GASIOROWSKI, GERI G | 235,00 |

| Payment | | Fee | |
|---|---|---|---|
| Check | 235,00 | FILING FEE | 235,00 |

### Docket Entries

| Date | Text |
|---|---|
| 03/26/2009 | HEARING: MTN FOR RESTRAINING ORDER SCHEDULED Event: MTN FOR RESTRAINING ORDER Date: 03/31/2009 Time: 8:30 am Judge: SWITALSKI, MATTHEW S Location: COURTROOM B - 2ND FLOOR DAKHLALLAH |
| 03/25/2009 | ORDER SIGNED: GRANTING PLTFS EXPARTE EMERGENCY MTN FOR TRO |
| 03/25/2009 | ORDER SIGNED: TO SHOW CAUSE (SET FOR 3/31/09 @8:30AM) |
| 03/25/2009 | BRIEF IN SUPPORT |
| 03/25/2009 | EXPARTE EMERGENCY MTN FOR TEMP RESTRAINING ORDER & A PRELIM INJUNCTION |
| 03/24/2009 | AFFIDAVIT OF GERI GASIOROWSKI |
| 03/24/2009 | CERT OF ATTEMPTS TO CONTACT DEFT TO OBTAIN CONCURRENCE WITH REQ EX PARTE RELIEF |
| 03/24/2009 | EXHIBIT(S) ATTACHED TO COMPLAINT |
| 03/24/2009 | SUMMONS ISSUED EXP: 6-23-09 |
| 03/24/2009 | JURY DEMAND |
| 03/24/2009 | COMPLAINT/PETITION FILED |
| 03/24/2009 | JURY FEE Receipt: 259892 Date: 03/24/2009 |
| 03/24/2009 | ENTRY FEE Receipt: 259892 Date: 03/24/2009 |